## ALLEN et al. v. VANDERFORD.

No. 10312—Opinion Filed Dec. 13, 1921.

(Syllabus.)

1. **Partnership—Existence of Partnership—Sufficiency of Evidence.**

Record examined, and held: That the evidence fairly supports the findings of the trial court that there was a partnership formed as alleged, and that the same was not dissolved by the plaintiff himself at the time the leases in which the plaintiff claims an interest were taken.

2. **Same—Dissolution — Effect of Disagreements.**

If quarrels and disagreements between partners are relied upon to dissolve partnerships, they must be of such a serious and permanent character as to prevent the profitable continuance of the partnership business. Trifling and minor grievances which involve no permanent mischief will not be sufficient.

Error from District Court, Ottawa County; George C. Crump, Assigned Judge.

Action by W. L. Vanderford against J. E. Allen and others for settlement of partnership affairs. Judgment for plaintiff, and defendants bring error. Affirmed.

A. C. Wallace, for plaintiffs in error.

Nesbitt & Nesbitt, for defendant in error.

KANE, J. This was an action in the nature of an accounting and for the settlement of partnership affairs commenced by the defendant in error plaintiff below, against the plaintiffs in error, defendants below.

The petition alleged, in substance, that the plaintiff and the defendants J. E. Allen and E. W. Wooldridge entered into a partnership for the purpose of securing mining leases and engaging in the business of mining lead and zinc in the Miami mining field; that in the early part of the year 1916, after the formation of said partnership, defendant Allen secured a mining lease on certain lands for the benefit of the partnership, but that the defendants Allen and Wooldridge, without the knowledge and consent of plaintiff, and with the intent to cheat plaintiff out of his interest, took the mining lease in the name of J. E. Allen, E. W. Wooldridge, and Lora Allen and left out the name of the plaintiff as one of the lessees, notwithstanding he was the owner of and entitled to one-third interest therein. Then follow allegations of assignments and subleasing which explain the presence of the other parties as defendants, but are not material to a decision of the question presented for review. The petition prayed that the defendants and each of them be declared joint trustees, and that said defendants as joint trustees be compelled to hold plaintiff's one-third interest in the mining lease on said lands in trust for him and for his use and benefit; that one-third of the moneys received under and by virtue of the mining lease on said land be declared a trust for the use and benefit of said plaintiff subject to the order and disposition of said plaintiff.

Upon the issues being duly joined there was trial to the court and judgment rendered in favor of the plaintiff substantially as prayed for, to reverse which this proceeding in error was commenced.

The grounds for reversal relied upon by counsel for plaintiffs in error may be briefly summarized as follows:

1. Applying the principles of law announced by the foregoing authorities to the facts proven by plaintiff and construing the evidence in its most favorable light in favor of the plaintiff, the plaintiff is not entitled to recover in this case.

2. Conceding the formation of a partnership, the evidence shows that it was a partnership at will, subject to being dissolved at the will of either party, and that the leases in which the plaintiff claims an interest were acquired after the partnership was voluntarily dissolved by the plaintiff himself.

As there is agreement between counsel for the respective parties that the law governing the formation and dissolution of general partnerships or partnerships at will is correctly laid down in the authorities cited, the case turns upon the single proposition. Is the judgment of the trial court against the clear weight of the evidence? On this proposition it is sufficient to say

that we have examined the record carefully, and are satisfied that the evidence fairly supports the findings of the trial court that there was a partnership formed as alleged, and that the same was not·dissolved by the plaintiff himself at the time the leases in which the plaintiff claims an interest were taken. It does appear that after the formation of the partnership and before the leases were taken the plaintiff and Mr. Allen had a misunderstanding concerning a personal matter wholly disconnected from their business affairs. Assuming that the partnerhip was a partnership at will, we are unable to gather from the evidence concerning this disagreement that the plaintiff intended to sever his business relations with the partnership. It seems to be well settled that if quarrels and disagreements between partners are relied upon to dissolve partnerships, they must be of such a serious and permanent character as to prevent the profitable continuance of the partnership business. Trifling and minor grievances which involve no permanent mischief will not be sufficient. 20 R. C. L. 956.

Being satisfied that the judgment of the trial court is amply sustained by the evidence, it follows that it must be affirmed. It is so ordered.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.